## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**DENNIS WHAM on his own behalf and
others similarly situated,**

   **Plaintiff,**

**-vs-**                                          **Case No.  2:07-cv-563-FtM-34DNF**

**RELIABLE ROLL-OFFS OF S.W.
FLORIDA, INC. a Florida corporation,**

   **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The parties filed a Joint Report Regarding Settlement (Doc. 14) and a Report to the Court
Concerning Settlement (Doc. 18).  The Plaintiff, Dennis Wham and the Defendant, Reliable Roll-Offs
of S.W. Florida, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor
Standards Act ("FLSA") claim and dismiss this case.   To approve the settlement, the Court must
determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the
claims raised pursuant to the  Fair Labor Standards Act ("FLSA").  *Lynn's Food Stores , Inc. v. United
States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim
under the FLSA to be settled or compromised. *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c),
providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.
*Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against
their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must

be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant as a roll-off driver and would pick-up and drop-off containers to dumpsites. (See, Doc. 11). The Plaintiff was represented by counsel throughout this litigation. The Plaintiff claims that he worked 460 hours of unpaid overtime, and his hourly rate for straight-time was $25.00 per hour. The Plaintiff calculated that he was owed $5,750 in overtime wages ($12.50 x 10= $125; $125 x 46= $5,750) and $5,750 in liquidated damages for a total of $11,500. The parties have agreed to settle the FLSA claim for $13,000. The Plaintiff will receive $7,300. The Plaintiff's attorney is requesting $5,700 for fees and costs. Counsel's hourly rate is $300.00 per hour

and she expended 16.70 hours and incurred $690 in costs.[1]   The Court finds that the settlement is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

It is respectfully recommended that the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___4th___ day of March, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1]  An in-depth analysis of an attorney fee request is not necessary in FLSA cases unless it is unreasonable on the face of the documents.  *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)). In the instant case, the attorney fee request is not unreasonable on its face.