FILED

2008 APR -3 PM 4:01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS WHAM, on his own behalf and
others similarly situated,

      Plaintiff,

v.                                          Case No. 2:07-cv-563-FtM-34DNF

RELIABLE ROLL-OFFS OF S.W.
FLORIDA, INC., a Florida corporation,

      Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 19; Report), entered on March 4, 2008, recommending that the Court approve the parties' settlement and dismiss this action with prejudice. To date, no objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings, but will review the legal

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

conclusions in the report <u>de novo</u> to determine whether there is any clear error. <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); <u>see also</u> 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a <u>de novo</u> review of the legal conclusions, the Court finds that there is no clear error on the face of the record, and it will accept the recommendation of the Magistrate Judge. In this case, Plaintiff filed suit against Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime and wages. <u>See</u> Complaint (Dkt. No. 1). Thereafter, the parties engaged in settlement negotiations, which resulted in a compromise of the issues and claims raised in this case. <u>See</u> Parties Report to the Court Concerning Settlement (Dkt. No. 18; Report to Court) ¶ 2. Upon review of the record, including the Report, Report to Court, Settlement Agreement and Full and Final Mutual Release of All Claims, the undersigned agrees with the Magistrate Judge that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[2] Thus, the Court will accept the Report.

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" <u>King v. My Online Neighborhood, Inc.</u>, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting <u>Perez v. Nationwide Protective Servs.</u>, Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 19) is **ACCEPTED**.

2. For purposes of satisfying the FLSA, the Settlement Agreement and Full and Final Mutual Release of All Claims is **APPROVED**.[3]

3. This case is **DISMISSED WITH PREJUDICE**.

4. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, this 3rd day of April, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record

---

[3] The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and Full and Final Mutual Release of All Claims. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.